# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RENARD GLADNEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17CV2006 RLW |
| ) | |
| JANSSEN PHARMACEUTICALS, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 19). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs first filed this action in the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri, on July 2, 2015. Plaintiffs allege injuries resulting from Plaintiffs' use of Risperdal® and/or Invega®. Plaintiffs are citizens of the States of Alabama, Arkansas, California, Connecticut, Florida, Georgia, Hawaii, Indiana, Kansas, Louisiana, Massachusetts, Mississippi, Missouri, Nebraska, Nevada, North Carolina, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, and Washington. Defendants Janssen Pharmaceuticals, Inc.; Janssen, L.P.; Johnson & Johnson; and Janssen Research & Development, LLC (collectively "Removing Defendants") are citizens of New Jersey and Pennsylvania.

Two years later, on July 19, 2017, Defendants removed this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis that that all of the non-Missouri plaintiffs should be

dismissed from the case and the Court's diversity jurisdiction would apply to the remaining Missouri plaintiffs' claims. (ECF No. 6)

Defendants' impetus for the removal was the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1777 (2017). In that case, the Supreme Court held that state courts lack specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed, even if those plaintiffs join their claims with in-state plaintiffs. Defendants also rely on orders by the district court in *Jordan v. Bayer Corp.*, No. 4:17-CV-865 (CEJ), 2017 WL 3006993 (E.D. Mo. July 14, 2017) and *Siegfried v. Boehringer Ingelheim Pharms., Inc.*, No. 4:16CV1942 CDP, 2017 WL 2778107 (E.D. Mo. June 27, 2017). In these cases, the claims of non-resident plaintiffs similar to the present case were dismissed based on the *Bristol-Myers* decision.[1]

Defendants' legal grounds for their attempt to remove this action are the bad faith exception to the time limitation for removal set forth 28 U.S.C. § 1446(c)(1) and the order or other paper exception under 28 U.S.C. §1446(b)(3). Under § 1446, a case must be removed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. §1446(b)(1). When an initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

---

[1] The decisions in *Jordan* and *Siegfried* were issued after the Supreme Court's ruling in *Bristol-Myers*. Neither case involved the issue of removal under 28 U.S.C. § 1446(b)(3) or (c)(1). Furthermore, there is currently a motion for reconsideration pending in *Jordan*.

Further, § 1446(c) provides that a case may not be removed under § 1446(b)(3) "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "Put another way, the defendant may remove an action up to 30 days after the defendant determines that the action is now removable, but the 30 day window is subject to the maximum amount of time to remove of 1 year." *Ingham v. Johnson & Johnson*, No. 4:17-CV-1857 SNLJ, 2017 WL 3034696, at *2 (E.D. Mo. July 18, 2017).

First, Defendants contend that removal is timely under § 1446(c)(1) because Plaintiffs acted in bad faith to prevent Defendants from removing the action. Defendants assert that Plaintiffs have included a minimum number of nondiverse plaintiffs to evade federal jurisdiction. However, as found by another court in this district, "Although *Bristol-Myers Squibb Co.* may have altered the state of affairs in regards to these mass actions with many out-of-state plaintiffs joining with in-state plaintiffs, it did not create an exception to the strict one year removal statute's application to actions removed based upon diversity in 28 U.S.C. § 1446(c)(1)." *Ingham*, 2017 WL 3034696, at *2. While Defendants assert bad faith on the part of Plaintiffs, the Court finds that Defendants have failed to present any supporting evidence that would establish an exception to the one-year rule, and Defendant's removal two years after the action was commenced is untimely under § 1446(c)(1). *Id.*; *see also Johnson v. Janssen Pharms., Inc.*, No. 4:17-CV-2007-SNLJ, 2017 WL 4356900, at *2 (E.D. Mo. Oct. 2, 2017) (finding no evidence of bad faith where plaintiffs' secured their forum by legal means thus warranting remand of an action commenced in state court more than two years prior to removal).

Defendants also assert that the ruling in *Bristol-Myers* qualifies as an order and/or other paper because it changed the legal landscape by clarifying that specific jurisdiction over the non-Missouri Plaintiffs does not exist and thus triggered a new 30-day period for removal under

Section 1446(b)(3). The orders and other paper exception, however, is predominantly limited to orders and other paper issued in the individual case that is being removed. Orders and rulings in separate cases with different parties do not trigger the recommencement of the 30-day limit. *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) ("If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case."); *Erhart v. Bayer, Corp.*, No. 4:17-CV-1996-SNLJ, 2017 WL 4280635, at *4 (E.D. Mo. Sept. 27, 2017) ("This Court is required to remand this action to state court under 28 U.S.C. § 1446 because the second notice of removal (#1) was not filed within thirty days of defendants receiving a copy of the original state court filing, and no 'order or other paper' triggered a new removal period."); *Dotson v. Bayer Corp.*, No. 4:17cv1986 RWS (ECF No. 50, Nov. 17, 2017); *Tabor v. Bayer Corp.*, No. 17cv1997 RWS (ECF No. 49, Nov. 17, 2017). As a result, Defendants' removal of this matter was procedurally improper, and the Court will grant Plaintiffs' Motion to Remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**IT IS FINALLY ORDERED** that all other motions are **DENIED** as moot.

Dated this 29th day of November, 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**